UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN KUNLAY WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-1475-AGF |
| LARRY CRAWFORD, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff Kevin Kunlay Williams's amended complaint. For the reasons stated below, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Procedural History**

Plaintiff filed his original complaint on May 8, 2017. He neither paid the filing fee nor moved for leave to proceed *in forma pauperis*, and on May 10, 2017, the Court ordered him to do one or the other. In so doing, the Court instructed plaintiff that, if he chose file a motion for leave to proceed *in forma pauperis*, he must also submit an inmate account statement for the six-month period immediately preceding the filing of the complaint. On May 23, 2017, plaintiff filed a letter and a copy of his inmate account statement. However, he neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, and the time for doing so had passed. However, because it appeared that plaintiff attempted to comply with the Court's Order, and in consideration of his *pro se* status, the Court *sua sponte* gave him additional time to comply, which he did.

The Court granted plaintiff's motion for leave to proceed *in forma pauperis*, and conducted initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court noted

that the complaint was subject to dismissal, and allowed plaintiff the opportunity to submit an amended complaint. In so doing, the Court clearly instructed plaintiff that he was required to set forth specific factual allegations supporting his claim or claims against each defendant he wished to sue. The Court also cautioned plaintiff that his failure to make specific allegations against any defendant would result in the dismissal of his case against that defendant. Plaintiff timely filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

The Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient, nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint

In the ten-count amended complaint, plaintiff names as defendant Larry Crawford, the Director of the St. Charles County Jail. Plaintiff sues Crawford in his individual capacity. Plaintiff sets forth many claims that he purports to bring on behalf of the inmate population of the jail.

In count one, plaintiff alleges that jail staffing and the jail's KIOSK communication system are inadequate, causing prisoners to wait for long periods of time. In count two, plaintiff alleges that the Department of Corrections provides only thin mattresses to prisoners. In count three, plaintiff alleges that prisoners must wait long periods to visit the jail's law library, and are not allowed to use the St. Charles County Courthouse law library. In count four, plaintiff alleges that a prisoner complained that peanut butter caused him to have hives, but the St. Charles County Jail Food Administrator continued to offer him peanut butter. Plaintiff also alleges that the St. Charles County Department of Corrections does not have an allergy specialist on staff, that St. Charles County refused to allow a prisoner to use allergy medicine from home, and refused to let the prisoner know whether he was really allergic to peanut butter. In count five, plaintiff alleges that federal prisoners are housed with state inmates. In count six, plaintiff alleges that the St. Charles County Department of Corrections does not provide proper medical care for inmates, and the jail doctor is abusive. In count seven, plaintiff alleges that St. Charles County Department of Corrections makes excessive profits from inmates via the commissary. In count eight, plaintiff alleges that the St. Charles County Jail refused to provide prisoners with copies of the Federal Rules of Civil Procedure and court local rules. In count nine, plaintiff alleges that the St. Charles County Department of Corrections feeds prisoners stale bread, and the Food Department plays games with the prisoners by ignoring various dietary restrictions and prisoner health issues. Plaintiff also alleges that prisoners must pay high postage prices or mail

will be returned to the sender. In count ten, plaintiff alleges that the St. Charles County Department of Corrections does not provide services for paying a legal assistant, and should allow prisoners to withdraw money from their trust funds at any time.

On August 3, 2017, plaintiff filed a document titled "Additional Statement of Claim & Facts to the Above Cause" (hereafter "Additional Statement") (Docket No. 11).[1] Therein, plaintiff purports to bring additional claims on behalf of prisoners at the jail. He alleges, *inter alia*, that the KIOSK system makes it difficult for prisoners to file and pursue grievances, and to prove that they have done so. Plaintiff also alleges that he personally asked to "file a request to the jail administration requesting for a copy of the request sent to the social caseworker department of Saint Charles County Department of Correction," but that his request was denied with the statement "sorry we do not provide such services." (*Id.* at 2-3).

## Discussion

In the amended complaint, plaintiff does not expressly allege that he personally suffered any loss. Instead, he refers to the inmate population as a whole, and also at times to an unidentified prisoner. Plaintiff lacks standing to bring claims alleging mistreatment of other inmates. Instead, he must allege a personal loss. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, plaintiff is not a licensed attorney, and is not authorized to assert constitutional claims on behalf of others. *See* 28 U.S.C. § 1654.

In the Additional Statement, plaintiff again purports to bring claims on behalf of other inmates, but he also alleges that he was denied copies of his "request sent to the social caseworker department of Saint Charles County Department of Correction." (Docket No. 11 at 2-3). To the extent plaintiff can be understood to allege a deficiency in the prison's grievance

---

[1] Plaintiff did not file a motion for leave to file an amended pleading. Instead, it appears he is attempting to amend the amended complaint via interlineation, or is requesting that the Court add additional claims to this action without providing the Court with a pleading that includes all claims he wishes to pursue. The Court generally does not permit amendments via interlineation. However, the Court will consider whether the Additional Statement would state any claims for relief and justify permitting plaintiff leave to file a second amended complaint.

procedure, such claim would be subject to dismissal. An inmate grievance procedure is not constitutionally required, and if a state elects to provide one, violations of its procedures do not give rise to a § 1983 claim. *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). To the extent plaintiff can be understood to allege an access to courts claim, such claim would be subject to dismissal because plaintiff does not allege that he suffered an actual injury to pending or contemplated legal claims. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Therefore, the Court concludes that the Additional Statement fails to set forth any cognizable claims, and provides no basis to permit plaintiff leave to file a second amended complaint.

In count four, plaintiff claims that a prisoner was offered peanut butter despite his complaint that peanut butter gave him hives. To the extent plaintiff can be understood to allege this claim on his own behalf, and to the extent plaintiff can also be understood to allege claims on his own behalf in counts one through three and counts five through ten, such claims are subject to dismissal because plaintiff fails to allege that the defendant personally participated in or was directly responsible for any alleged deprivation of rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him). Plaintiff merely listed the defendant's name in the caption of the amended complaint without alleging he engaged in any specific conduct. This is insufficient. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal

of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff may have intended to allege that Crawford is liable to him because he holds an administrative or supervisory position. However, the theory of *respondeat superior* is inapplicable in § 1983 claims. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). Plaintiff was given clear instructions about the necessity of setting forth specific factual allegations against each defendant he wished to sue, and cautioned that his failure to do so would result in the dismissal of his case against that defendant. For all of the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 10) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of August, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE